UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>        Plaintiff,<br><br>   v.<br><br>AARON DE CANIO, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-02239-KJM-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Brent Lee Harding alleges that defendants, three detectives of the Rancho Cordova Police Department, violated his right to due process by failing to timely execute, and to provide him notice of, several search warrants. ECF No. 1 at 3-6. Plaintiff's allegations fail to state a federal claim. I will give him a chance to amend his complaint before recommending

1  dismissal. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which
2  makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

### Screening and Pleading Requirements

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

Plaintiff, a pretrial detainee confined in county jail, alleges that defendants executed seven search warrants—one to search his vehicle and six seeking to search electronic devices. ECF No. 1 at 1, 3-5. He appears to contend that defendants failed to provide him timely notice that these

warrants had been executed as required by state law. *Id.* at 4-6. He also appears to allege that at least two of the warrants were not timely executed. *Id.* at 5-6. Plaintiff's complaint vaguely references Due Process and that the defendants are state actors, suggesting that he is attempting to state a federal constitutional claim under 42 U.S.C. § 1983. Delay in executing a search warrant can raise a constitutional issue if it causes the probable cause upon which the warrant was issued to cease to exist. *United States v. Grubbs*, 547 U.S. 90, n.2 (2006); *United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984) ("The test for judging the timeliness of a search warrant is whether there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises.").

Here, plaintiff does not specifically allege that probable cause terminated during the delay in executing the warrants. Furthermore, defendants' alleged failure to comply with California law's notice requirement does not give rise to a claim under section 1983. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir 1996) (holding that a plaintiff cannot "transform a state-law issue into a federal one merely by asserting a violation of due process").

Moreover, to the extent plaintiff's challenges to the validity of the warrants relate to ongoing criminal proceedings, his claims are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, federal courts are generally prohibited from interfering with ongoing, state court criminal proceedings.

Accordingly, plaintiff's complaint cannot proceed past screening. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Should he choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in

1  identifying his claims.  Plaintiff should name each defendant and explain what happened,
2  describing personal acts by each individual defendant that resulted in the violation of plaintiff's
3  rights.  Plaintiff should also describe any harm he suffered from the violation of his rights.
4  Plaintiff should not add unrelated issues.  *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605,
5  607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits
6  . . . .").

An amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court that he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  June 15, 2022                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

4