1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRENT LEE HARDING,                         Case No.  2:21-cv-02239-DJC-JDP (PS)

12                      Plaintiff,               FINDING AND RECOMMENDATIONS
                                                 THAT PLAINTIFF'S AMENDED
13          v.                                   COMPLAINT BE DISMISSED WITHOUT
                                                 LEAVE TO AMEND
14    AARON DE CANIO, *et al.*,
                                                 ECF No. 7
15                      Defendants.
                                                 OBJECTIONS DUE WITHIN FOURTEEN
16                                               DAYS

17

18          Plaintiff Brent Lee Harding is a state inmate proceeding pro se and *in forma pauperis*.

19    The amended complaint alleges that Rancho Cordova Detective Aaron De Canio violated

20    plaintiff's right to due process by executing an untimely state search warrant outside of De

21    Canio's jurisdiction.  The allegations do not give rise to a federal claim.  I will therefore

22    recommend dismissal of this action.

23                          **Screening and Pleading Requirements**

24          Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute

25    requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is

26    frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks

27    monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

28

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10   n.2 (9th Cir. 2006) (en banc) (citations omitted).

11   The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                          **Analysis**

19   The complaint alleges that, in March 2021, police stopped plaintiff in his vehicle and

20   arrested him for a crime that allegedly occurred in January 2021.  ECF No. 7 at 1.  A search of

21   plaintiff's vehicle resulted in the discovery of two stolen items.  *Id.*  After his arrest, plaintiff's

22   vehicle was released to his acquaintance.  *Id.*  The following week, defendant Detective De Canio

23   obtained a search warrant from a California court to search the vehicle again; the vehicle was at

24   the time in the acquaintance's possession.  *Id.* at 2.  The warrant was obtained in Sacramento

25   County, which, according to the complaint, is outside of De Canio's jurisdiction; plaintiff alleges

26   that De Canio did not notify local enforcement that he would be executing the warrant in that

27   jurisdiction.  *Id.* at 2-3.  The complaint states that the search warrant's probable cause was "non-

28   existent" and "unreasonable" because the vehicle had not been in plaintiff's possession for more

                                                2

1    than a week at the time of the second search. *Id.* at 3.  The complaint alleges violation of

2    plaintiff's due process rights. *Id.*

3         As explained in my prior screening order, a delay in executing a search warrant may raise

4    a constitutional issue when the probable cause upon which the warrant was issued has ceased to

5    exist. *United States v. Grubbs*, 547 U.S. 90, n.2 (2006); *United States v. Gann*, 732 F.2d 714, 722

6    (9th Cir. 1984) ("The test for judging the timeliness of a search warrant is whether there is

7    sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to

8    be seized are still on the premises.").  However, plaintiff's vague and conclusory statement that

9    probable cause was non-existent and unreasonable does not support a constitutional claim. *See*

10   *Tanaka v. Kaaukai*, No. CV 20-00205 SOM-RT, 2020 WL 5097829, at *5 (D. Haw. Aug. 28,

11   2020) (holding that the plaintiff "cannot proceed based only on her bald, unadorned conclusory

12   allegation that the warrants were unsupported by probable cause").  Indeed, the complaint

13   concedes that stolen property was found in the vehicle during plaintiff's arrest.

14        Plaintiff's claim that De Canio executed the warrant outside his jurisdiction and without

15   notifying local law enforcement is meritless. *See People v. P.P.G., Inc.*, 88 Cal. App. 3d Supp.

16   12, 18 (App. Dep't Super Ct. 1978) (finding that an officer who had valid authority to execute a

17   search warrant could do so without obtaining consent from chief of police, or a person authorized

18   by him, in city outside of judicial district where warrant had been issued).  Further, any alleged

19   failure by De Canio to comply with California law's notice requirement does not give rise to a

20   claim under § 1983. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the

21   violation of a state law amounts to the deprivation of a state-created interest that reaches beyond

22   that guaranteed by the federal Constitution, Section 1983 offers no redress."); *Langford v. Day*,

23   110 F.3d 1380, 1389 (9th Cir 1996) (holding that a plaintiff cannot "transform a state-law issue

24   into a federal one merely by asserting a violation of due process").

25        Finally, the amended complaint indicates that criminal charges were filed against plaintiff,

26   and that he expects those proceedings to be "finalized very soon." ECF No. 7 at 3.  To the extent

27   that plaintiff asserts claims about the validity of the search warrant, those claims are barred by the

28   abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  As previously explained

3

1   to plaintiff, that doctrine generally prohibits federal courts from interfering with ongoing, state-

2   court criminal proceedings.  Given that nothing short of changing the fundamentals of the

3   allegations could result in a viable complaint, I recommend the dismissal be without leave to

4   amend.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se

5   complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

6   the complaint could not be cured by amendment.") (internal quotation marks omitted).

7          Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint, ECF

8   No. 7, be dismissed without leave to amend for failure to state a claim.

9          These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be served and filed within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

17   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18
    IT IS SO ORDERED.
19

20
    Dated:    December 6, 2023                        _____
21                                                     JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

4